## STATE v. MILLER-BUTTERWORTH COMPANY.

### Opinion delivered April 21, 1924.

1. STATES—GIFT IN PRAESENTI.—The act of Congress authorizing the Secretary of War to transfer certain surplus motor-propelled vehicles and road-making materials to the States (41 Stat. at L. 530) constituted a gift *in praesenti* by the Federal to the State Government.

2. STATES—DISPOSITION OF UNSERVICEABLE MACHINERY—A crane constructed and purchased by the Federal Government as a hoisting machine for loading and unloading vessels at dock, not being serviceable for general road-building purposes because too wide for standard-gauge railroad tracks, though capable of limited use for loading and unloading at central points, was not within the prohibition of the Act of Congress (41 Stat. at L. 530) against the sale of property donated to the States, if in serviceable condition.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. S. Utley,* Attorney General, and *R. W. Wilson,* special counsel, for appellant.

1. The State ought to recover on the rental contract. It is a valid and binding contract, based on a sufficient

consideration, free from all fraud, duress and undue influence. In addition to the benefit derived by appellee and the disadvantages it avoided, the State at the time waived its right to institute legal proceedings, and that of itself was a sufficient consideration. 31 Ark. 631; 101 Ark. 335; 126 Ark. 549; 134 Ark. 547; 74 Ark. 270; 99 Ark. 588; 102 Ark. 428; 105 Ark. 638; 129 Ark. 111; 141 Ark. 329; 142 Ark. 453. The burden was on the appellee to show by clear, convincing and satisfactory evidence that fraud was practiced on it by the State officials. 144 Ark. 7; Black on Rescission and Cancellation, §§ 676-677; 33 Ark. 97, 103.

2. The transfer of the property to Wilson & Gregory was invalid, an act *ultra vires* on the part of the Highway Commissioner. It was new machinery, not in need of repair, and could not have been unserviceable in contemplation of law, that is, so worn and deteriorated from use as to require thirty per cent. of its original value to replace it in usable condition. Wadsworth-Kahn Act of Congress, approved March 15, 1920; 72 N. Y. 279; 143 Ark. 149, 150; 154 Ark. 493.

*J. A. Tellier,* for Miller-Butterworth Company.

1. The contract of October 25, 1921, is without consideration, and nonenforceable. It was entered into between the State and this appellee as a temporary arrangement, pending the outcome of the case of the *State* v. *Cox,* 154 Ark. 493, and under threat of a replevin suit by the State. The full consideration for the life-lease of the trucks had been paid, and there was no new consideration. 112 Ark. 225 and cases cited; 129 Ark. 82-85; 1 Elliott on Contracts, 414, 366.

2. If the contract of October 25, 1921, be held as enforceable, there is still no liability on the part of this appellee, since it has paid the rent on the trucks up to February 25, 1922, thirty days after the date it tendered them back to the Highway Department.

3. The life-lease of the trucks under the executed parol agreement between the State and Miller-Butter-

worth Company was a valid and binding contract and precludes recovery for rent on the trucks. 154 Ark. 493, 506, 507.

4. The Dravo-Locomotive crane, included in the lease of October 25, 1921, did not belong to the State at that time, and no recovery can be had for the crane. The preponderance of the evidence shows that it was unserviceable, and that being true, the State had the right to pass the title to an individual, company or corporation. 154 Ark. 493.

*John F. Clifford,* for Gregory & Wilson.

The evidence shows that the dock crane in question was neither suitable nor serviceable for road building. Under the Acts of Congress, approved February 28, 1919, and March 15, 1920, the machine was donated to the State; the Highway Commissioner had authority to receive it on behalf of the State and to use it or the proceeds thereof for constructing and maintaining public roads. Being both unsuitable and unserviceable for the purposes of road construction or repair thereof, the Highway Commissioner had the right on behalf of the State to sell it. 154 Ark. 493.

McCULLOCH, C. J.   The State of Arkansas instituted an action at law in the Pulaski Circuit Court against Miller-Butterworth Company, one of the appellees, to recover the rental price under a lease contract executed by the State Highway Department with said appellee for the use of three motor trucks and a locomotive derrick and steel crane, the last mentioned piece of machinery being designated as a Drave-Doyle locomotive derrick and steel crane, which is a piece of machinery used for hoisting purposes. All of the machinery specified in the contract had been received by the State Highway Department from the United States Government as unused war material donated to the State under the act of Congress approved March 15, 1920, entitled, "An act to authorize the Secretary of War to transfer certain surplus motor-propelled vehicles  *  *  *  and road-making materials

to various services in the departments of the government and for the use of the States.'' 41 Stat. at L., p. 530.

It is undisputed that the title to the three trucks embraced in the lease contract is still in the State Highway Department, under the donation from the Federal Government, but the title to the crane mentioned in the rental contract is in dispute. Another action involving the title to the crane was consolidated with the suit against Miller-Butterworth Company, and both actions were transferred to the chancery court and tried together. Gregory & Wilson, the claimants to the title to the crane, were parties to the action, and the chancery court decided in favor of Gregory & Wilson and against the State as to the title to the crane, and decided in favor of Miller-Butterworth Company and against the State as to the right of the latter to recover rent.

The real issue in the case concerns the title to the crane, for the Miller-Butterworth Company paid the rentals as long as it used the property, and offered to return the trucks. Gregory & Wilson purchased the trucks from the State Highway Department, and afterwards contracted to sell the same to the Miller-Butterworth Company, but, when the title became in dispute, the sale was rescinded and the property and machine were returned to Gregory & Wilson. It was embraced in the lease contract, but the contention of Miller-Butterworth Company is that the State had no title to the crane, and that it was surrendered to Gregory & Wilson under paramount title. The real issue in the case therefore is, as before stated, concerning the title to the crane.

The act of Congress, *supra,* constituted a donation of the title *in praesenti* by the Federal Government to the State. *State* v. *Cox,* 154 Ark. 493. Section 5 of the act of Congress provides that the vehicles and equipment donated ''shall be and remain vested in the State for the use and improvement of the public highways,'' and the section embraces the further condition that ''no such vehicles and equipment in serviceable condition shall be

sold or the title to the same transferred to any individual, company or corporation.'' The case turns on the proof as to whether or not the machine is one which falls within the condition stated in the Federal statute with respect to serviceability. The testimony in the case is very voluminous, many witnesses being called to testify as experts and as to their experience in the use of such machine on the question as to its serviceability. The testimony is overwhelming, if there is, indeed, any dispute at all, that the crane is not serviceable for general road-building purposes on account of the fact that it is too wide for a standard-gauge railroad track, and therefore cannot be moved about without being taken down. There is proof to the effect that it is adapted to a very limited service at central points for the purpose of loading or unloading gravel or rock to be used for road purposes. The proof shows that the machine was constructed and purchased by the Federal Government as a hoisting machine for loading and unloading vessels at dock, and, as before stated, it was not serviceable for general road-building purposes. That being the state of the case, it is controlled by the decision of this court in the case of *State* v. *Cox,* *supra.* The testimony in the two cases is substantially the same, each involving the same kind of a machine, and in that case we construed the statute to mean that the language of the exemption referred to serviceability in a practical sense for road-building purposes. We based the decision upholding the sale by the State on the ground that ''a preponderance of the evidence shows that the property in controversy at the time of its sale to appellee was unserviceable and not suitable for general road-building purposes in this State.'' In the opinion it was also said: ''The equipment was entirely too heavy, not of standard gauge, and was impractical to be used in building highways in the State of Arkansas.'' While the proof shows that the equipment was virtually new, nevertheless it was not serviceable for the building of highways in this State.

The legal title to the machine was, and is, in appellees, Gregory & Wilson, and, as the Miller-Butterworth Company surrendered possession to them under paramount title and offered to return the trucks under the option clause in the lease contract, the latter is not liable to the State for the rent.

The decree is therefore affirmed.